UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VICTORIA AGBAHWE,

                        Plaintiff,

           -against-                    **MEMORANDUM AND ORDER OF REMAND**

                                                     22-cv-5927(DLI)(JRC)

TARGET CORPORATION,

                        Defendant.
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 4, 2022, Target Corporation ("Defendant") removed this action from New York State Supreme Court, Kings County ("state court") to this Court. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded to state court *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

On April 8, 2022, Victoria Agbahwe ("Plaintiff") filed a verified complaint in state court, alleging that she slipped and fell in Defendant's premises and claiming negligence by Defendant. Complaint ("Compl."), Dkt. Entry No. 1-2 ¶¶11, 13-14. Plaintiff alleges "damages in an amount to be determined upon trial of this action." *Id.* ¶15.

On October 4, 2022, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See*, Notice. Though Defendant admits that Plaintiff "seeks unspecified damages for personal injuries," Defendant asserts that the amount in controversy requirement is satisfied because, based on the parties' oral settlement negotiations, Defendants sent Plaintiff a settlement release in the amount of $90,000 on June 15, 2022. *Id.* ¶¶ 9-12. Furthermore, Defendant asserts that the timing requirement for removal is satisfied as

Defendant removed this case "within 30 days of being advised that counsel is not returning the signed release." *Id.* ¶ 11.

Neither the Complaint nor the Notice contains any factual allegations that establish the amount in controversy. To date, Plaintiff has not moved for remand. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction and the case is remanded to state court for further proceedings.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

A party seeking to remove a case based on diversity jurisdiction "must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Such requirements include establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal

2

fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *See, Lupo*, 28 F.3d at 273-74 (citation omitted).

Here, Defendant fails to meet its burden to show that the jurisdictional amount required for diversity jurisdiction has been satisfied. When invoking diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Defendant fails to include any details in the Notice as to Plaintiff's injuries or medical procedures or any facts that could support an amount in controversy of $75,000, other than asserting the amount of $90,000 was at issue in settlement discussions.

Notably, the Complaint is silent on damages and lacks information concerning the extent of Plaintiff's injuries. *See,* Compl., ¶¶13-14. Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.").

Defendant asserts that sending a settlement release to Plaintiff in the amount of $90,000, following oral settlement negotiations, satisfies the amount in controversy requirement, but this assertion does not pass muster. Notice ¶ 11. Importantly, it is not clear from the settlement release whether this amount includes interest and costs, both of which must be excluded in calculating the jurisdictional threshold amount. *See,* 28 U.S.C. § 1332(a). Defendant has not furnished any

documents containing a demand from Plaintiff.  Plaintiff's counsel's representation to defense counsel that "he could settle the case for $90,000" is no more than an oral settlement negotiation, which is insufficient for removal. Notice ¶ 11.  District courts "in this circuit ... have held that an oral settlement demand is not a sufficient basis for removal." *Hogue v. BJ's Wholesale Club, Inc.*, 2022 WL 2256291, at *2 (S.D.N.Y. June 23, 2022) (citing cases) (quotation and citation omitted).

Moreover, contrary to Defendant's bald contention, sending a settlement release, which Plaintiff never returned, does not support the conclusion that the amount in controversy exceeds $75,000.  *Id.*  Settlement negotiations are not a reliable indicator of the actual amount in controversy.  *See*, *Branford Paint Center, Inc. v. PPG Architectural Finishes, Inc.*, 2007 WL 329115, at *2 (D. Conn. Feb. 1, 2007) ("A settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy.")  "[S]ettlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." *Vermande v. Hyundai Motor Am., Inc*., 352 F. Supp. 2d 195, 203 (D. Conn. 2004).  Defendant may have offered $90,000 to Plaintiff for many reasons.  For instance, the damages may only be $70,000, but Defendant may have added $20,000 to avoid litigation costs. In fact, the settlement release here states the settlement intends "merely to avoid litigation[.]" Settlement Release, Dkt. Entry No. 1-3 at 3. Without any factual allegations, the Court is left to engage in speculation and guesswork.

The Court also is not satisfied that Defendant has removed this matter timely, in accordance with 28 U.S.C. § 1446(b)(3), which states, in pertinent part, that "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  "Strictly construed (as it must be), section 1446(b)(3)'s receipt requirement

4

may not be satisfied by a plaintiff's silence in response to" a settlement release. *Fayet v. Target Corp.*, 2021 WL 706332, at *3 (holding plaintiff's silence in response to a letter proposing to "cap" damages" did not satisfy section 1446(b)(3)). The dissolution of settlement negotiations, as described in the Notice, is neither a "pleading" nor "other paper" capable of triggering the thirty-day filing period set forth in § 1446(b). *See,* Notice, ¶ 11.

Based on the foregoing analysis, the Court finds that Defendant has failed to establish the jurisdictional threshold amount required under § 1332(a) or timeliness of the removal under § 1446(b)(3).

The Court further notes that Defendants were not without recourse to determine the amount of damages Plaintiff seeks. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Pursuant to N.Y. C.P.L.R. § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.*

Rather than prematurely removing the action, Defendant could and should have availed itself of mechanism in C.P.L.R. § 3017(c), under which the state court, on motion, could order Plaintiff to respond to a demand for total damages. *See, Noguera*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing."); *See, also O'Neill v. Target Corp.*, 2021 WL 2634880, at *3 (E.D.N.Y. June

25, 2021) (collecting cases).

## **CONCLUSION**

      For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 510387/2022, for further proceedings.

SO ORDERED.

Dated:  Brooklyn, New York
         October 21, 2022

/s/
DORA L. IRIZARRY
United States District Judge
